The dispute arises out of a claimed wrongful discharge with respect to an employment alleged to have commenced on July 1, 1955. Petitioner urges that it is a member of the New York Stock Exchange, conducting its business as regulated by the constitution and rules of the Exchange. It is further charged that, to secure employment with a member of the Exchange, the prospective employee must file with the Exchange an application for approval of employment as a registered representative. By the signed application, it is alleged that the applicant submits himself to the jurisdiction of the Exchange and agrees to be bound by the constitution and rules of the governors.
Petitioner alleges that employment commenced on January 5, 1956, and that on January 26, 1956, petitioner and respondent signed the application for approval of employment. The application contains the following statement:
‘11 hereby certify that I have read and understand the foregoing statements and that each of my responses thereto is true and complete. In consideration of the New York Stock Exchange’s receiving and considering this application
“(d) I have read the Constitution and Rules of the Board of Governors of the New York Stock Exchange and, if approved, I hereby pledge myself to abide by the Constitution and Rules of the Board of Governors of the New York Stock Exchange as the same have been or shall be from time to time amended, and by all rules and regulations adopted pursuant to the Constitution, and by all practices of the Exchange.”
At page 3590, rule 345 is set forth, the substance of which is contained as quoted above in the application. Rule 345 contains also the following provision: “ (10) I agree that any controversy between me and any member or member organization arising out of my employment or the termination of my employment by and with such member or member organization shaE be settled by arbitration at the instance of any such party in accordance with the Constitution and rules then obtaining of the New York Stock Exchange.” But no reference whatever is said to be contained in the application or in any existing written agreement of employment.
*914 Further reference is made to arbitration of controversies in rule 347b.
Absent any reference to arbitration in the application or in the employment agreement, it is not established that the respondent in undertaking the employment gave his assent to any provision for arbitration of disputes, and no triable issue is raised with respect thereto.
The motion is denied.